UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01794-JPH-TAB |
| | ) | |
| NCF, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND PROVIDING OPPORTUNITY TO SHOW CAUSE**

This action is before the Court for resolution of James Smith, Jr.'s motion for leave to proceed *in forma pauperis*, dkt. [2], and for screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. Motion for Leave to Proceed *In Forma Pauperis***

Smith's motion for leave to proceed *in forma pauperis,* dkt. [2], is **granted.**

**II. Screening Standard**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. The Complaint

The complaint names six defendants. The Court construes defendant NCF to be New Castle Correctional Facility. The remaining defendants are members of the Indiana Parole Board. Smith is suing the defendants in their official capacities.

The complaint alleges that Smith was arrested for a parole violation on February 6, 2018. A parole revocation hearing was held on February 15, 2018. The defendants were biased against Smith, and he was not allowed to present evidence in his defense. He was illegally detained until April 15, 2020. He seeks money damages and an apology from the defendants.

### IV. Discussion

First, all claims against NCF are **dismissed**. NCF is a correctional facility—not a person or entity that can be sued. *See, e.g.*, *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983."); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Second, the official capacity claims against the individual defendants are **dismissed.** The individual defendants are members of the Indiana Parole Board. Any claim against the Parole Board would be barred by the Eleventh Amendment. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Bd. of Regents of Univ.*

*of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). "An agency of the state enjoys this same immunity." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). Because a suit against a state employee in his official capacity is equivalent to a suit against the state itself, "state officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph*, 432 F.3d at 748. Accordingly, claims asserted against the defendants in their official capacities are **dismissed** for **failure to state a claim** upon which relief may be granted.

Had Smith sued the defendants in their individual capacities, such claims would also be dismissed because the individual defendants are absolutely immune from suit for revoking Smith's parole. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) ("Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'") (quoting *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)); *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity for the decision to revoke parole).

Smith's complaint fails to state a viable constitutional claim against any named defendant and is therefore **dismissed**.

### V. Conclusion and Opportunity to Show Cause

Smith's motion for leave to proceed *in forma pauperis,* dkt. [2], is **granted.**

The complaint is **dismissed** for the reasons discussed in this Order. Smith shall have **through July 28, 2021,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: 6/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

JAMES SMITH, JR.
3131 Guilford Ave.
Indianapolis, IN 46205